1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8

9     DEUTSCHE BANK NATIONAL                 Case Nos. 16-cv-04255 NC
      TRUSTEE COMPANY,
10                                                     16-cv-03612 NC
                    Plaintiff,
11
            v.                               REQUEST FOR REASSIGNMENT;
12                                           REPORT AND RECOMMENDATION
      WILLIAM CUTLIP and CHIKAKO             TO REMAND TO STATE COURT
13    CUTLIP,                                AND TO DENY IFP APPLICATION

14                  Defendants.              Re: Dkt. No. 5

15

16          On July 29, 2016, the Court ordered defendant William Cutlip to show cause why

17    these identical unlawful detainer cases should not be remanded to state court for lack of

18    subject matter jurisdiction.  The Court then gave Cutlip until August 8, 2016 to respond to

19    the Order to Show Cause; otherwise, the Court would remand the actions to state court.

20    Cutlip filed no response in 16-cv-03612, but did respond in 16-cv-04255 at docket 6.  This

21    order analyzes Cutlip's response to the order to show cause.

22          Cutlip filed notices of removal alleging that this Court has federal question

23    jurisdiction under 28 U.S.C. § 1331.  In the underlying complaints in Santa Clara Superior

24    Court, plaintiff Deutsche Bank National Trustee Company brought limited actions for

25    unlawful detainer, which arises exclusively out of state law.[1]

26    _____

27    [1] The Court notes that in a separate but related action involving the same property, *Cutlip v. Deutsche Bank*, 15-cv-01345 BLF, District Court Judge Beth Labson Freeman dismissed Cutlip's complaint for lack of subject matter jurisdiction.  Dkt. No. 55.  I am therefore referring these cases to Judge Freeman to determine if they should be ordered related to 15-cv-01345 BLF.

28    Case Nos. 16-cv-04255 NC, 16-cv-03612 NC

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Federal courts are courts of limited jurisdiction and are presumptively without

2    jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

3    Removal of a state court action to federal court is appropriate only if the federal court

4    would have had original subject matter jurisdiction over the suit.  *See* 28 U.S.C. § 1441(a).

5    Federal courts have original jurisdiction over "all civil actions arising under the

6    Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil

7    actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is

8    between citizens of different states."  28 U.S.C. § 1332(a).

9    In the absence of diversity jurisdiction, removal to federal court is only proper when

10    "a federal question is presented on the face of the plaintiff's properly pleaded complaint."

11    *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Federal jurisdiction cannot be

12    predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon

13    an actual or anticipated counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  A

14    federal court may dismiss an action on its own motion if it finds that it lacks subject matter

15    jurisdiction over the action.  *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); see also

16    Fed. R. Civ. P. 12(h)(3).  Cutlip's removal states that the unlawful detainer action deprived

17    him of due process and equal protection rights under federal law. This is insufficient as a

18    basis for removal because federal question jurisdiction cannot be based on a defense.

19    Cutlip's response to the order to show cause in 16-cv-04255 repeats his earlier

20    statements that federal subject matter jurisdiction exists, but without a coherent

21    explanation or support.  Dkt. No. 6 at 1.  He argues that because Deutsche Bank is a

22    "National Banking associate under 28 U.S. Code § 1348 . . . National Banking

23    Associations actions are completely preempted by HOLA, preempt the entire field.

24    Accordingly this court has original jurisdiction over actions filed by National Banking

25    Associations."  *Id*. at 2.  However, 28 U.S.C. § 1348 states, "original jurisdiction of any

26    civil action commenced by the United States, or by direction of any officer thereof, against

27    any national banking association, any civil action to wind up the affairs of any such

28    association, and any action by a banking association established in the district for which

Case Nos. 16-cv-04255 NC, 16-cv-03612 NC      2

the court is held." Therefore, it does not provide federal subject matter jurisdiction over

Cutlip's removal of an unlawful detainer action initiated by the bank against him.

Accordingly, the Court recommends that the district court remand this case to state court.

None of the parties in this case has consented to the jurisdiction of a magistrate

judge. 28 U.S.C. § 636(c). Because the undersigned magistrate judge lacks jurisdictional

authority, the clerk must reassign this case to a district court judge. I recommend that the

district court judge: (1) remand both cases to Santa Clara County Superior Court; and (2)

deny Cutlip's frivolous IFP application. Dkt. No. 2 (in both cases). Any party may object

to this recommendation, but must do so within 14 days. Fed. R. Civ. P. 72(b)(2).

Finally, the Cutlips are warned that under 28 U.S.C. § 1447(c), an order remanding

a case "may require payment of just costs and any actual expenses, including attorney fees,

incurred as a result of the removal." The Court is presently unaware of expenses incurred

because of this improperly removed case, but if the district court becomes aware of

evidence of expenses, then it may be appropriate to require payment from the Cutlips.

**IT IS SO ORDERED.**

Dated:  August 15, 2016                                    _____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California